# COURT OF COMMON PLEAS
# FOR THE STATE OF DELAWARE
WILMINGTON, DELAWARE 19801

SHELDON K. RENNIE

    JUDGE

November 9, 2016

William L. Raisis, Esquire
Deputy Attorney General
820 N. French Street, 7ᵗʰ Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

James M. Stiller, Jr., Esquire
Schwartz & Schwartz, P.A.
31 Trolley Square
Wilmington, DE 19806
*Attorney for Defendant*

    **RE:**    ***State v. Jason Billings***
               **Cr. A. No.: 1605004863**

Dear Counsel:

On October 20, 2016, the Court heard argument on Defendant's Motion to Compel the State to produce the Delaware State Police In-car Camera Use Policy and the most recent version of the Delaware State Police Department's Safety and Homeland Security Body Worn Camera Policy. The State objected to producing this material asserting that Defendant failed to show how the policies were relevant or material to its defense under *Court of Common Pleas Criminal Procedure Rule 16.*

*Court of Common Pleas Criminal Procedure Rule 16(a)(1)(c)* states:

(c) Documents and tangible objects—Upon request of a defendant, the State shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the State, and which are material to the preparation of

the defendant's defense or are intended for use by the State as evidence-in-chief at the trial, or were obtained from or belong to the defendant.[1]

Under Rule 16, the State must allow Defendant access to documents it possesses if those documents are "material to the preparation of the defendant's defense."[2]  "'To satisfy the requirement of materiality, defendant must show some evidence that the requested pre-trial disclosure of the disputed evidence would enable him to alter the quantum of proof in his or her favor ... too much should not be required in such a showing.'" [3]  Hence, Rule 16 allows a defendant access to the requested documents if those documents have a "logical consequential connection" to the offenses charged, and the request is "reasonable."[4]

After conducting an *in camera* review of the requested policies, the Court denies Defendant's Motion to Compel.  Defendant has failed to establish the relevance or materiality of the requested policies.  The investigation at the scene of the incident was captured on both a body camera and an MVR, which were provided to Defendant.  A review of the requested policies would not assist Defendant in his defense and would amount to a fishing expedition.  Accordingly, Defendant's Motion to Compel is **DENIED**.


**IT IS SO ORDERED.**

Sheldon K. Rennie,
Judge

---

[1] Ct. Com. Pl. Cr. R. 16.

[2] *State v. Desmond*, 2011 WL 2791269, at *2 (Del. Com. Pl. July 13, 2011).

[3] *Id.* (quoting *State v. Johnson*, 2001 WL 34083582 (Del. Super. 2001)).

[4] *Id.*

2